```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| JASON E. ROMAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BANK OF AMERICA, et al. | : | NO. 11-6603 |

FILED

MAR 1 2 2012

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

<u>MEMORANDUM</u>

SANCHEZ, J.                                              MARCH   , 2012

Jason Roman brought this action against Countrywide Home Loans ("Countrywide") and Bank of America, seeking to proceed <u>in forma pauperis</u>. The Court will grant Roman leave to proceed <u>in forma pauperis</u>, but, for the following reasons, will dismiss his complaint without prejudice to his filing an amended complaint.

I.   **FACTS**

According to the complaint, Roman's home mortgage was sold to Countrywide. Roman alleges that Countrywide promised that his monthly mortgage payment would be reduced from $1,800.00 to $600.00 if he took a second mortgage. Roman entered into a second mortgage, but Countrywide never reduced his payments. He also alleges that Countrywide required him to pay for homeowner's insurance, even though he already had homeowner's insurance. When Roman notified Countrywide of the issue, Countrywide allegedly promised to repay him $4,000.00, but never did.

At some point, Bank of America purchased Countrywide. Bank of America also falsely promised to reduce Roman's monthly mortgage payments and continued Countrywide's practice of charging him for homeowner's insurance even though he already had

1

insurance. Roman contends that he has "[run] out of money" and that Bank of America is now "attempting to impose a foreclosure proceeding upon [him]." (Compl. ¶¶ 5-6.) Roman seeks "an injunctive order immediately preventing . . . Bank of America from entering foreclosure proceedings against [him]," (id. ¶ 9), as well as over $50 million in damages.

## II. STANDARD OF REVIEW

As Roman is proceeding in forma pauperis, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires this Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quotations omitted). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. ANALYSIS

It is apparent from the complaint that Roman is attempting

to base his claims in part on 42 U.S.C. § 1983. However, as the defendants are not state actors, there is no legal basis for any § 1983 claims against them. See Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995) ("[A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law."). Furthermore, plaintiff has not stated a claim under 42 U.S.C. § 1982 or § 1985 because there is no suggestion that defendants were motivated by race or class-based discriminatory animus. See Brown v. Philip Morris Inc., 250 F.3d 789, 797 (3d Cir. 2001); Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997). Additionally, although many federal laws apply to lenders, the complaint fails to state a claim under any of those statutes. Koons Buick Pontiac GMC, Inc. v. Nigh, 543 U.S. 50, 53-54 (2004) (Truth in Lending Act was enacted "to assure a meaningful disclosure of credit terms" and "requires a creditor to disclose information relating to such things as finance charges, annual percentage rates of interest, and borrowers' rights") (quotations omitted); In re Cmty. Bank of N. Va., 622 F.3d 275, 282 (3d Cir. 2010) (Home Ownership and Equity Protection Act is an amendment to TILA and imposes "special disclosure requirements" on certain types of loans); Sarsfield v. Citimortgage, Inc., 667 F. Supp. 2d 461, 465-67 (M.D. Pa. 2009) (discussing Real Estate Settlement Procedures Act and concluding that provision governing escrow accounts established by lenders, 12 U.S.C. § 2609, does not create a private cause of action).

However, the facts alleged in the complaint appear to support claims under state law for fraudulent misrepresentation and violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law. But it is unclear whether diversity jurisdiction exists over those claims because the complaint does not indicate the citizenship of the defendants. See 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). Furthermore, even if Roman could state claims within the Court's diversity jurisdiction, the Anti-Injunction Act, 28 U.S.C. § 2283, prohibits the Court from enjoining any foreclosure proceedings that Bank of America has already filed against Roman in state court. See Ungar v. Mandell, 471 F.2d 1163, 1165 (2d Cir. 1972).

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the complaint without prejudice. Roman is given leave to file an amended complaint in the event he can cure any of the above-noted deficiencies. An appropriate order follows.